UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

NEBUS FAMILY LIMITED PARTNERSHIP a
Florida limited partnership,

                Plaintiff,

vs.                                     Case No.  2:10-cv-90-FtM-29DNF

NEWMAR CORPORATION an Indiana
corporation,

                Defendant.
_____


## OPINION AND ORDER

This matter comes before the Court on various motions. Because the Complaint fails to properly allege subject-matter jurisdiction, the Complaint will be dismissed with leave to amend and the motions will be denied as moot.

Plaintiff purchased a 2008 recreational vehicle from a non-party authorized vendor, and received a 12 Month Limited Warranty issued by the manufacturer, defendant Newmar Corporation. Plaintiff alleges that defendant breached the warranty because the recreational vehicle emitted sickening and unsafe levels of formaldehyde and defendant has refused or failed to repair the recreational vehicle. Plaintiff seeks damages, costs, and attorney's fees under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (Magnuson-Moss), 15 U.S.C § 2301, *et seq.* Plaintiff pleads federal question jurisdiction as the basis

for this Court to adjudicate the matter.  Plaintiff does not state the amount in controversy or amount of damages in the Complaint.

While a claim under the Magnuson-Moss Warranty Act would normally "arise under" a federal statute for purposes of 28 U.S.C. § 1331, the specific jurisdictional provision precludes federal jurisdiction in the absence of an amount in controversy over $50,000.00.  The statute provides, for a civil action by a consumer for damages, "[n]o claim shall be cognizable. . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."  15 U.S.C. § 2310(d)(3)(B).  This total does not include attorney's fees.  Ansari v. Bella Automotive Group, Inc., 145 F.3d 1270 (11th Cir. 1998).

Plaintiff does not plead the jurisdictional minimum required under the Magnuson-Moss Warranty Act in the Complaint.  Plaintiff will be provided an opportunity to do so, as it appears this is a pleading deficiency which may be properly remedied in an amended complaint.  The Complaint will be dismissed without prejudice with leave to amend.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Complaint (Doc. #1) is **dismissed without prejudice** for lack of subject-matter jurisdiction.  Plaintiff may file an Amended Complaint within **TWENTY-ONE (21) DAYS** of this Order

if the requisite jurisdictional minimum can be alleged. If no Amended Complaint is filed, the case will be closed.

   2. Defendant's Motion to Strike Plaintiff's Jury Trial Demand (Doc. #19), Defendant's Motion for Summary Final Judgment (Doc. #32), Motion to Exclude Testimony of Jack Snider (Doc. #40), and Motion to Exclude Testimony of Stephen Smulski (Doc. #42) are **DENIED** as moot in light of the dismissal of the Complaint.

   **DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of January, 2011.

                                      _____
                                      JOHN E. STEELE
                                      United States District Judge


Copies:
Counsel of record