UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEBUS FAMILY LIMITED PARTNERSHIP a
Florida limited partnership,

    Plaintiff,

vs.    Case No. 2:10-cv-90-FtM-29DNF

NEWMAR CORPORATION an Indiana corporation,

    Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's proposed Bill of Costs (Doc. #61) filed on February 25, 2011. Plaintiff filed an Objection to Defendant's Request for Costs (Doc. #62) and defendant filed a Response (Doc. #63) to te objection.

On January 27, 2011, the Court issued an Opinion and Order (Doc. #59) dismissing the Complaint without prejudice for lack of subject-matter jurisdiction and permitting leave to amend in order to do so. Finding no Amended Complaint within the time provided, the Court closed the file. (Doc. #60.) Defendant seeks over $6,000.00 in taxable costs and believes it should be considered a "prevailing party" under Fed. R. Civ. P. 54(d)(1).

The Court has the inherent and discretionary authority to impose costs under 28 U.S.C. § 1919[1] or Fed. R. Civ. P. 54(d),

---

[1]"Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal
(continued...)

whether the case was dismissed for lack of jurisdiction or with or without prejudice[2] by plaintiff voluntarily. In this case, plaintiff elected not to file an Amended Complaint and pursue its claim. Defendant did not prevail on the merits of the litigation[3], and the Court specifically noted that the pleading deficiency appeared to be something that could be properly remedied by an amendment. Under the circumstances of this case, and finding that defendant is not a prevailing party[4], the Court declines to impose costs against plaintiff. The Court also declines to impose the

---

[1](...continued)
Claims for want of jurisdiction, such court may order the payment of just costs."

[2]Defendant's reliance on Mathews v. Crosby, 480 F.3d 1265 (11th Cir. 2007) is misplaced. In that case, defendants obtained a voluntary dismissal *with* prejudice, making them prevailing parties. This did not occur in the instant case. Mathews went on to cite an Eighth Circuit decision for the proposition that the district court has the *authority* to award costs upon a voluntary dismissal without prejudice only. The undersigned is declining to exercise that discretionary authority.

[3]See Fed. R. Civ. P. 41(b)("a dismissal under this subdivision (b). . . **except one for lack of jurisdiction**, . . . operates as an adjudication on the merits.")(emphasis added).

[4]In support of the position that it is a "prevailing party", defendant quotes the following from Pickett v. Iowa Beef Processors, 149 F. App'x 831 (11th Cir. 2005): "A defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit." (Doc. #63, p. 3.) Defendant however conveniently fails to quote the remainder of the paragraph, which states "If the case is litigated to judgment on the merits in favor of the defendant, the defendant is the prevailing party." Id. at 832. This case was not litigated to judgment on the merits. Therefore, the argument is without basis.

condition provided for under Fed. R. Civ. P. 41(d)[5] because it is not plaintiff who dismissed the action.

Accordingly, it is now

**ORDERED**:

Plaintiff's Objection to Defendant's Request for Costs (Doc. #62) is sustained and defendant's proposed Bill of Costs (Doc. #61) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of March, 2011.

> *[signature: John E. Steele]*
> JOHN E. STEELE
> United States District Judge

Copies:
Counsel of record

---

[5]Under Rule 41, "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."